UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

R&S AT BAYFRONT BISTRO, LLC,

    Plaintiff,

v.    Case No.: 2:23-cv-1129-SPC-NPM

ALLIANT INSURANCE SERVICES, INC. and VINCENT KRILL,

    Defendants.
_____/

## **ORDER**

Before the Court is Defendant Alliant Services, Inc.'s Notice of Removal. (Doc. 1). Plaintiff first sued Alliant and Defendant Vincent Krill in state court for negligence and breach of contract. (Doc. 1-1). Alliant then removed the case here based on diversity jurisdiction.

A defendant may remove a case from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). The removing defendant must prove proper federal jurisdiction. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir.

1999). Removal statutes are strictly construed with doubts resolved for remand. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

Federal courts have original jurisdiction over cases in which the parties are diverse citizens and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *cf. Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c) ("The existence of federal jurisdiction is tested at the time of removal."). Alliant does not satisfy the citizenship prong.

A complaint must allege every party's citizenship. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). A person's citizenship is determined by his "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever [s]he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

The Notice of Removal relies on the Complaint to allege that Plaintiff "is a citizen of the State of Florida." (Doc. 1 at 3). But more is needed because Plaintiff is a limited liability company. For jurisdiction purposes, a limited liability company is a citizen of every state in which its members are domiciled. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004); *cf. McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citizenship is determined by "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the

intention of returning whenever he is absent therefrom"). Each LLC member must be diverse from the opposing party. *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224-25 (11th Cir. 2013). The Notice of Removal, however, identifies no member of Plaintiff – let alone their citizenships. *Cf. Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("[C]itizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC."). Without more, the Court cannot say Alliant has shown the parties' citizenships to be diverse.

For Alliant's co-defendant, it alleges that Krill "is a citizen of the State of New Jersey." (Doc. 1 at 3). This allegation too is insufficient because it is silent on Krill's domicile. So Alliant falls short of pleading Krill's citizenship.[1]

At bottom, the Notice of Removal does not sufficiently plead the parties' citizenship to establish the Court's subject matter jurisdiction.

Accordingly, it is

**ORDERED:**

Defendant Alliant Services, Inc. must **SUPPLEMENT** the Notice of Removal (Doc. 1) on or before **December 18, 2023**, to show cause why this

---

[1] According to the state case documents, Plaintiff served Krill on November 6, 2023. (Doc. 1-3). Yet Alliant mentions nothing about Krill's consenting to removal. *See* 28 U.S.C. § 1447.

3

action should not be remanded for lack of subject-matter jurisdiction.  **Failure to follow this Order may result in the Court remanding this action without further notice.**

    **DONE** and **ORDERED** in Fort Myers, Florida on December 11, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4